## MARCELINO TORRENS Y BERNARD

*v.*

## JOSÉ PEREZ Y FERNANDEZ ET AL.

---

Mayaguez, Equity, No. 170.

1. A bill in aid of execution, although ancillary to the main case, should include the parties to whom the defendant in judgment claims to have sold.

Torrens y Bernard v. Perez y Fernandez.

2. Such a proceeding being ancillary in the strictest sense of that term, and the court having had jurisdiction of the main case, it may proceed although the citizenship of the parties to the ancillary proceeding is such that the court would not have had jurisdiction over them had the proceeding been in the nature of an original suit.

Order filed December 31, 1906.

*H. E. Smith, Esq.,* solicitor for complainant.

*Jorge Dominguez, Esq.,* solicitor for defendants.

RODEY, Judge, delivered the following opinion:

This cause is before the court on the issue raised by the demurrer to the amended bill of complaint. The grounds of the demurrer are that the complaint does not state a cause of action, and that it is multifarious.

It appears from the original bill and the other papers in the case that at the February term, A. D. 1905, of this court, sitting at Mayaguez, and on the 23d day of February of said year, the complainant recovered a judgment against the respondent José Perez y Fernandez, which, with interest on said day, amounted to $4,265. That execution was shortly thereafter issued upon said judgment and some property of the defendant, Fernandez, levied upon and sold, but the funds realized were not sufficient to satisfy more than a small portion of the judgment.

Thereupon this creditor's bill was filed, seeking to follow several pieces of property therein described, which the said defendant in the case at law, José Perez y Fernandez, in the meantime transferred to the other respondents named while the judgment at law was in full force and effect, and while it was

PORTO RICO

Torrens y Bernard v. Perez y Fernandez.

presumably a lien upon the property thus transferred. The suit is, therefore, in the strictest sense, an ancillary proceeding, seeking to follow this property thus transferred in contravention of complainant's rights, and subject the same to the payment of his debt, and the authorities are uniform in holding that, in such a case, when the main object of the suit is to follow property thus transferred in fraud of a creditor, all parties who, in the meantime, have received any of the property by deed, may be made respondents to the creditor's bill, and the objection of multifariousness will not lie in the premises. Carter, Jurisdiction of Fed. Courts, pp. 103 et seq. and cases cited.

Although it is not raised by the demurrer, complainant's counsel, in his brief, points out the fact that even though, in the amended bill, the heirs of some of the respondents who were mentioned are citizens of Porto Rico, and that fact, if the suit was original, and not ancillary, would devest the court of jurisdiction, as the complainant is himself a Porto Rican, it is not available to these respondents here because of the ancillary character of the suit, and because the court had jurisdiction of the parties, the subject-matter, and the property previously. Carter, Jurisdiction of Fed. Courts, supra.

The demurrer will therefore be overruled with costs and the respondents required to answer within the time prescribed by the rule and the law in the premises, and it is so ordered.